# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| **MARIO BESIC,** | ) | **CASE NO. 4:13 CV 598** |
| | ) | |
| Petitioner, | ) | **Judge Dan Aaron Polster** |
| | ) | |
| vs. | ) | |
| | ) | **MEMORANDUM OF OPINION** |
| **MICHAEL PUGH, WARDEN,** | ) | **AND ORDER** |
| | ) | |
| Respondent. | ) | |

*Pro se* Petitioner Mario Besic filed this Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. In the Petition (Doc. # 1), Besic asserts he is entitled to credit on his federal sentence for 47 days he spent in the custody of the Immigration and Customs Enforcement Agency ("ICE").

## I. BACKGROUND

Besic's Petition is very brief. In its entirety, it states:

> Mario Besic claim [sic] that on 7-6-2011, was sentence [sic] and seriously violation due process U.S. Const Fifth and Fourteenth Amendment, he was arrested while in INS custody and was spent 47 days, the court abused its discretion when was denied 47 days jail credit, the very essence of civil liberty certainly consist in the right laws.

(Doc. # 1 at 3.)

## II. STANDARD OF REVIEW

Writs of habeas corpus "may be granted by the Supreme Court, any justice thereof, the

district courts and any circuit judge within their respective jurisdictions." 28 U.S.C. § 2241(a). Section 2241 "is an affirmative grant of power to federal courts to issue writs of habeas corpus to prisoners being held 'in violation of the Constitution or laws or treaties of the United States.'" *Rice v. White*, 660 F.3d 242, 249 (6th Cir. 2011) (quoting Section 2241(c)). Because Petitioner is appearing *pro se*, the allegations in his Petition must be construed in his favor, and his pleadings are held to a less stringent standard than those prepared by counsel. *Urbina v. Thoms*, 270 F.3d 292, 295 (6th Cir. 2001). However, this Court may dismiss the Petition at any time, or make any such disposition as law and justice require, if it determines the Petition fails to establish adequate grounds for relief. *Hilton v. Braunskill*, 481 U.S. 770, 775 (1987); *see also Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (holding district courts have a duty to "screen out" petitions lacking merit on their face under Section 2243).

### III. ANALYSIS

Once a defendant is sentenced in federal court, the Attorney General, through the Bureau of Prisons ("BOP"), is responsible for administering the sentence. *See* 18 U.S.C. § 3621(a). To compute a federal sentence, the BOP must first determine the commencement date of the federal sentence. By statute, a federal sentence commences "on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served." 18 U.S.C. § 3585(a). A federal sentence does not commence until a prisoner is actually received into federal custody solely for that purpose. *Gonzalez v. Rushing*, 4:12 CV1274, 2012 WL 2127728 (N.D. Ohio June 11, 2012).

Thereafter, the BOP must apply any jail-time credit to which the offender may be

entitled

under 18 U.S.C. § 3585(b). Specifically, 18 U.S.C. §3585(b) provides:

> A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences-
>
> (1) as a result of the offense for which the sentence was imposed; or
>
> (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed; that has not been credited against another sentence.

Although Besic's Petition is not entirely coherent, it appears he is seeking credit toward his federal sentence for the time he spent in the custody of ICE after his arrest. While it is true that Besic was in federal custody while he was detained by ICE, there is no indication in the Petition that he was in "official detention ... as a result of the offense for which the sentence was imposed." 18 U.S.C. § 3585(b). Detention by immigration authorities pending deportation is considered civil, rather than criminal, in nature. *See De Leon v. Copenhauer*, 1:12-CV-00976-BAM HC, 2012 WL 5906551 (E.D. Cal. Nov. 26, 2012); *Galan-Paredes v. Hogsten*, 1:CV06-1730, 2007 WL 30329 (M.D. Pa. Jan. 3, 2007); *Ghadiri v. Sniezek*, 4:06CV1765, 2006 WL 3023034 (N.D. Ohio Oct. 23, 2006); *Alba-Tovar v. United States*, CIV.05 1899 JO, 2006 WL 2792677 (D. Or. Sept. 22, 2006). Time spent in the custody of ICE awaiting a deportation determination therefore is not "official detention" within the meaning of 18 U.S.C. § 3585(b).

The Petition gives no indication of when Besic was transferred from ICE custody to the custody of the United States Marshals following his arrest or indictment. Besic seems to

indicate that period of time amounts to 47 days but he does not provide the manner in which he arrived at this figure. Based on the information in the Petition, and giving it a liberal construction, there is no indication that Besic is entitled to credit toward his federal sentence.

### IV. CONCLUSION

Accordingly, the Petition for a Writ of Habeas Corpus (Doc. # 1) is denied and this action is dismissed without prejudice pursuant to 28 U.S.C. § 2243. Further, the Court certifies, pursuant to 28 U.S.C. §1915(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis upon which to issue a certificate of appealability. 28 U.S.C. § 2253; Fed.R.App.P. 22(b).

**IT IS SO ORDERED**.

*/s/Dan Aaron Polster 8/26/13*
**Dan Aaron Polster**
**United States District Judge**